In the Matter of CORNUCOPIA GOLD MINES, INC., Alleged Bankrupt, Appellant.

No. 12832.

United States Court of Appeals Third Circuit.

Argued May 5, 1959.

Decided May 21, 1959.

Harold R. Schmidt, Pittsburgh, Pa., (Jack W. Plowman, Pittsburgh, Pa., Rose, Houston, Cooper & Schmidt, on the brief), for appellant.

Edmund K. Trent, Pittsburgh, Pa. (Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for appellees.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

In this bankruptcy matter it is argued on behalf of appellant that the claims of the petitioning creditors were not "provable". Our own examination of the record reveals that the validity of these claims was satisfactorily established.

■ It is also strongly contended that there was no proof of the commission of any act of bankruptcy. The first act alleged was that a considerable part of appellant's property was concealed or removed or permitted to be concealed or removed with intent to hinder, delay or defraud creditors and that the responsibility therefor was the appellant's. The second act charged was that appellant, while unable to pay its debts as they matured, permitted the appointment of a receiver for its property. We think the evidence as to both of these called for consideration by the jury.

The above disposes of appellant's contingent argument for a new trial.

We find no substantial error either in the court's charge or in its evidence ruling with reference to disbursement items against appellant's bank account in the First National Bank of Saltsburg, Pennsylvania.

In the circumstances there is no necessity for passing upon appellees' suggestion that no appeal lies in this case.

■ Appellant corporation would seem to have been a victim of a tragic intercorporate situation precipitated by those in control. The effort in the district court and on this appeal to avert its consequences has been handled in good faith and most competently. However, the record substantially supports the judgment of the district court which should not be disturbed.

The judgment of the district court will be affirmed.